UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN MOORE, JR.,

      Petitioner,

                                                                       Case No.  2:08-CV-274

v.

                                                                       HON. ROBERT HOLMES BELL

JEFFREY WOODS,

      Respondent.
                                    /

**ORDER APPROVING AND ADOPTING
REPORT AND RECOMMENDATION AND
<u>DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On May 20, 2011, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner Jonathan Moore, Jr.'s § 2254 petition for writ of habeas corpus be denied.  (Dkt. No. 24, R&R.)  This matter is before the Court on Petitioner's objections to the R&R and his motion for discovery.  (Dkt. Nos. 25, 26.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").  Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the Magistrate Judge's conclusion that Petitioner failed to show that his constitutional rights were violated at any of his misconduct hearings. *See* R&R 4. Petitioner contends that his hearings were not fair and impartial because the Michigan Department of Corrections applied a quota system to misconduct hearings conducted from the early 1980s through the 1990s, as evidenced by *Perry v. McGinnis*, 209 F.3d 597 (6th Cir. 2000), and *Heit v. Van Ochten*, 126 F. Supp. 2d 487 (W.D. Mich. 2001).

In *Perry*, the Sixth Circuit reversed the dismissal of a First Amendment retaliatory discharge claim brought by Perry, a prison hearing officer, because Perry had produced "substantial evidence suggesting that the MDOC implores its hearing officers to find no less than 90% of the defendant's before them guilty." 209 F.3d at 607. The court noted that "adherence to a particular guilty rate necessarily results in arbitrary justice" and would not comport with the due process mandated by *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Perry*, 209 F.3d at 607. The Sixth Circuit did not, however, make a finding that the MDOC adhered to such a quota system. Rather, it noted Van Ochten's denial that hearing officers were limited to a particular not-guilty/dismissal rate, *id.* at 606, and remanded the case for trial. *Id.* at 608.

In *Heit*, after over four years of litigation, this Court approved the settlement of a class action alleging a quota system in prison disciplinary hearings. 126 F. Supp. 2d at 488. There

was no finding made in *Heit* that any quota system existed, and the Court noted the impossibility of foretelling what the outcome of a trial would be. *Id.* at 490. In addition, the the settlement agreement specifically provided that the settlement was not an admission that the MDOC used disciplinary threats against ALJs to manipulate the conviction rate in prisoner misconduct cases. (Case No. 1:96-CV-800, Dkt. No. 223, Proposed Settlement Agrm't.)

Contrary to Petitioner's assertions, neither *Perry* nor *Heit* show that Petitioner's constitutional rights were violated at any of his misconduct hearings, and Petitioner has not provided any other evidence to support his claim that his constitutional rights were violated at any of his misconduct hearings. Accordingly, the Magistrate Judge correctly concluded that Petitioner failed to show that his constitutional rights were violated.

Petitioner has also filed a motion for discovery. (Dkt. No. 26.) Petitioner contends that he is entitled to evidence produced in the *Perry* and *Heit* cases pursuant to the rule enunciated in *Brady v. Maryland*, 373 U.S. 83 (1963).

A party requesting discovery in a habeas action must show good cause for his request. Rule 6(a), Rules Governing § 2554 Cases. Petitioner's contention that he is entitled to generic evidence that the MDOC used a quota system in the past, without any reference to his own misconduct hearings, is not good cause for his discovery request. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 25) are **OVERRULED**.

3

**IT IS FURTHER ORDERED** that the May 20, 2011, Report and Recommendation of the Magistrate Judge (Dkt. No. 24) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's motion for discovery (Dkt. No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473 (2000)


Dated: January 12, 2012            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE